IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHARLES M. MULLINAX, | : | |
| Plaintiff | : | |
| VS. | : | CASE NO. 5:14-CV-426-MTT-MSH |
| Commissioner BRIAN OWENS, *et al.*, | : | |
| Defendants | : | |

## ORDER AND RECOMMENDATION

Plaintiff, an inmate currently confined at Macon State Prison, filed a handwritten civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and an application for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). Four days after filing his complaint, Plaintiff filed a motion for a temporary restraining order ("TRO") and preliminary injunction (ECF No. 5). For the reasons explained below, Plaintiff's motion to proceed IFP is granted. It is recommended that motion for a TRO and preliminary injunction be denied. Additionally, Plaintiff is directed to recast his complaint in compliance with this Order.

### DISCUSSION

**I.    Motion to Proceed IFP**

As it appears that Plaintiff is unable to prepay the full cost of commencing this action, Plaintiff's motion to proceed IFP is hereby GRANTED. Plaintiff is nevertheless responsible for the full $350.00 filing fee, as provided in 28 U.S.C. § 1915(b)(1). Fees are

not refundable, regardless of outcome. Plaintiff will therefore be required to pay the entire $350.00 fee in installments, as will be directed in a future order, even if his lawsuit is dismissed prior to service. Moreover, after reviewing Plaintiff's "Account Statement," which shows deposits of $250.00 in the past six months, the Court finds that Plaintiff is able to prepay a portion of the filing fee. In accordance with section 1915(b)(1)(A), Plaintiff is hereby ORDERED to pay an initial partial filing fee of $8.33 to the Clerk of this Court.

## II.     Order to Recast

Plaintiff has not submitted his claims on this Court's standard complaint form used by prisoners and, therefore, he has not provided certain information that the Court requires. Accordingly, the Court hereby ORDERS Plaintiff to file his complaint on the Court's standard section 1983 form, to which he may attach a maximum of ten (10) additional pages. When filed, this complaint will be substituted for the current pleading.

## III.    Motion for a TRO and Preliminary Injunction

Regarding Plaintiff's motion for a TRO and Preliminary Injunction, he seeks to have this Court order that Defendants remove him from Tier II and its "supermax" confinement conditions and place him in general population. The standard for obtaining a TRO is identical to that for obtaining a preliminary injunction. *See Windsor v. United States*, 379 F. App'x. 912, 916–17 (11th Cir.2010). Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the

threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest.  *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).  An irreparable injury "must be neither remote nor speculative, but actual and imminent."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir.2000) (citations omitted).

Plaintiff's motion fails to show that the "extraordinary and drastic remedy" of injunctive relief is warranted in this case.  At a minimum, he fails to satisfy the first two prerequisites for this Court to grant a preliminary injunction.  Plaintiff has not demonstrated that he is substantially likely to succeed on the merits of his underlying claims.  Plaintiff has merely alleged constitutional violations without presenting any objective evidence that the Defendants actually violated his constitutional rights.  The United States Supreme Court stated as follows with respect to the evidence required to overturn prison officials' judgments with respect to security or administrative matters: "[I]n the absence of *substantial* evidence in the record to indicate that the officials have exaggerated their response to [security or administrative] considerations, courts should ordinarily defer to their expert judgment in such matters."  *Bell v. Wolfish*, 441 U.S. 520, 549 n.23 (1979) (emphasis added).

Plaintiff has also failed to demonstrative that a preliminary injunction is necessary to prevent his irreparable injury.  To satisfy the irreparable injury requirement, Plaintiff must both identify an irreparable injury that he will suffer if the injunction does not issue and show that the threat of injury is "neither remote nor speculative, but actual and

3

imminent." *See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quotation omitted). Injunctive relief cannot be granted based on a mere perceived or suspected threat of harm. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005); *Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1302-03 (11th Cir. 2007). Again, Plaintiff provides only unsupported allegations in his motion, and if a constitutional violation has occurred, he would appear to have an adequate remedy at law in this Court.

For the above reasons, the undersigned finds that Plaintiff has failed to satisfy the prerequisites necessary for injunctive relief. It is thus RECOMMENDED that Plaintiff's motion for a TRO and preliminary injunction be DENIED.

## CONCLUSION

Plaintiff shall have TWENTY-ONE (21) DAYS from the date of this Order to: (1) pay an initial partial filing fee of $8.33; and (2) file his recast complaint using the Court's standard section 1983 form. The Clerk of Court is DIRECTED to forward the Court's section 1983 form to Plaintiff (with the civil action number written on it). Plaintiff's section 1983 form **shall supersede and take the place of his handwritten complaint**.

While this action is pending, Plaintiff shall immediately inform the Court in writing of any change in his mailing address. If Plaintiff decides that he no longer wishes to proceed with this action, he must so notify the Court. *See* Fed. R. Civ. P. 41(a). Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of his complaint.

Further, the undersigned RECOMMENDS that Plaintiff's request for injunctive relief be DENIED.  Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.  *See* 28 U.S.C. § 636(b)(1).

SO ORDERED and RECOMMENDED, this 16th day of December, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE